UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THERON O. WILSON, *pro se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-407-PLR-HBG |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the

Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation

regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment [Doc. 16][1]

and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18].

Theron Omar Wilson ("Plaintiff") seeks judicial review of the decision of the Administrative Law

Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill ("the Commissioner").  For

the reasons that follow, the Court will **RECOMMEND** that Plaintiff's motion be **DENIED** and

the Commissioner's motion be **GRANTED**.

**I.      PROCEDURAL HISTORY**

On May 6, 2013, Plaintiff filed an application for disability insurance benefits and

supplemental security income benefits pursuant to Title II and XVI of the Social Security Act, 42

---

[1] On January 17, 2018, Plaintiff filed a one-page letter as a "response to the documents sent
to [him] concerning [his] request for financial assistance" [Doc. 14], as well as four pages of
medical records [Doc. 13].  On January 26, 2018, the Court found that Plaintiff intended the letter
to serve as his dispositive motion and directed the Clerk to redocket Plaintiff's letter as a motion
for summary judgment and the records as an exhibit to his motion.  [Doc. 15].

U.S.C. §§ 401 *et seq*. and 1381 *et seq.*, claiming a period of disability that began on November 4, 2013. [Tr. 11, 203–15]. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 142–43]. A hearing was held on August 3, 2016. [Tr. 27–65]. On November 16, 2016, the ALJ found that Plaintiff was not disabled. [Tr. 11–19]. The Appeals Council denied Plaintiff's request for review on July 24, 2017 [Tr. 1–5], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on September 13, 2017, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 2]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.     ALJ FINDINGS

The ALJ made the following findings:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2.  The claimant has not engaged in substantial gainful activity since July 27, 2011, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: neck disorder and back disorder (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ramps or stairs; can never climb ladders, ropes or scaffolds; and can occasionally

balance, stoop, kneel, crouch, or crawl.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on July 6, 1074, and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from July 27, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 13–19].

## III.    STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it

3

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV.   DISABILITY ELIGIBILITY

"Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). A claimant will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§§ 423(d)(2)(A) and 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

4

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §§ 404.1520(a)(4), -(e) and 416.920(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. §§ 404.1545(a)(1) and 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V.    ANALYSIS

Liberally construing Plaintiff's brief, the Court finds that Plaintiff sets forth two allegations of error committed by the ALJ. First, Plaintiff contends that the ALJ improperly relied on the

5

opinion of Albert J. Whitaker, Jr., M.D., as Plaintiff claims that Dr. Whitaker "did not examine [him] fully and did not have a full record." [Doc. 16 p. 1]. Next, the Court interprets Plaintiff's attachment of an additional medical examination from John S. Barber, D.C. on August 22, 2017 as claiming that new evidence exists regarding his back disorder, thus warranting a sentence-six remand pursuant to 42 U.S.C. § 405(g). [Doc. 16-1 p. 2–5].

### A.     Opinion of Albert J. Whitaker, Jr., M.D.,

Plaintiff challenges the ALJ's assignment of little weight to the opinion of consulting examiner, Dr. Whitaker, claiming that Dr. Whitaker did not fully examine him or review a complete record. [Doc. 16 p. 1].

On August 24, 2013, Dr. Whitaker consultatively examined Plaintiff. [Tr. 327–331]. Dr. Whitaker assessed that Plaintiff's forward flexion, extension, lateral flexion and rotation of his cervical spine were within normal limits. [Tr. 330]. However, Dr. Whitaker also tested Plaintiff's range of motion in his dorsolumbar spine, noting that his forward flexion was 45 degrees, extension to 25 degrees, lateral flexion to 25 degrees, and rotation to 30 degrees. [*Id.*]. Further, Dr. Whitaker detailed that Plaintiff had moderate tenderness on palpation of the posterior neck, as well as moderate tenderness on palpation of the lumbar spine and paraspinal muscles. [*Id.*]. Upon examination, Plaintiff exhibited negative straight leg raise bilaterally while sitting, as well as a normal gait, normal sensation, and normal grip strength with no atrophy. [*Id.*]. Therefore, Dr. Whitaker diagnosed Plaintiff with chronic back and neck pain. [*Id.*].

Dr. Whitaker opined that Plaintiff could stand or walk six hours of an eight-hour workday with breaks due to his low back pain. [*Id.*]. However, Dr. Whitaker also opined that Plaintiff could sit without restrictions and could lift and carry forty pounds occasionally. [Tr. 331]. Lastly, Dr. Whitaker stated that Plaintiff would have postural limitations on bending, stooping, and

6

crouching, and manipulative limitations on reaching, handling, feeling, grasping and fingering, but failed to identify specific limitations. [Tr. 331]. Ultimately, the ALJ assigned limited weight to Dr. Whitaker's opinion, but stated that the record as a whole supported a finding that Plaintiff was able to perform light work. [Tr. 16].

Opinions from nontreating sources are never assessed for controlling weight but are evaluated using the regulatory balancing factors set forth in 20 C.F.R. §§ 404.1527(c) and 416.927(c). *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)). These opinions are weighed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability." *Id.* (citing 20 C.F.R. § 404.1527(c)). "Other factors 'which tend to support or contradict the opinion' may be considered in assessing any type of medical opinion." *Id.* (quoting 20 C.F.R. § 404.1527(c)(6)). An ALJ is only required to provide good reason for explaining the weight assigned to the opinion of a "treating source." 20 C.F.R. §§ 404.1527(c) and 416.927(c)(2); *see Perry v. Comm'r of Soc. Sec.*, 501 F. App'x 425, 426 (6th Cir. 2012) ("An ALJ need not 'give good reasons' for the weight he assigns opinions from physicians who, like Dr. Pickering, have examined but not treated a claimant."). Lastly, opinions from one-time consultative examiners are not due any special degree of deference. *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

First, the Court notes that Plaintiff improperly characterized that the ALJ's decision was based on Dr. Whitaker's opinion, as the ALJ assigned limited weight to the opinion [Tr. 16]. Rather, the ALJ held that "the objective medical evidence, including the imaging of [Plaintiff's] lumbar spine and cervical spine, and Dr. Dayan's treatment notes and opinions" support the RFC determination. [Tr. 17]. Plaintiff initially sought treatment on July 28, 2011 after injuring his back at work. [Tr. 358]. Plaintiff began treatment with Dr. Alan Dayan for an initial evaluation on

7

February 1, 2012 [Tr. 436]. The ALJ assigned great weight to Dr. Dayan's opinions, whose treatment notes indicated on March 28, 2013 that Plaintiff could return to work on light limited duty [Tr. 376], and on April 23, 2013 that Plaintiff could perform light duty work with no bending, lifting heavy equipment, or prolonged standing and climbing [Tr. 368]. Further, the ALJ discussed an August 22, 2013 x-ray of Plaintiff's cervical spine [Tr. 323–24] and lumbar spine [Tr. 325–26], noting the x-ray of Plaintiff's lumbar spine didn't show any significant abnormalities, and the x-ray of Plaintiff's cervical spine showed only mild to moderate degenerative disc disease at C6-7. [Tr. 14].

Ultimately, the ALJ's RFC determination that Plaintiff could perform a modified range of light work is supported by substantial evidence, as the ALJ relied upon Dr. Dayan's opinions and treatment notes, as well as the objective medical evidence. In addition to Dr. Dayan's opinions and the August 22, 2013 x-rays of Plaintiff's spine, the ALJ detailed a January 13, 2014 lumbar myelogram with CT of Plaintiff's spine, which revealed pars defect at L5 bilaterally; a disc bulge at L5-S1 with mild facet hypertrophy; minimal spurring; and mild bilateral foraminal stenosis. [Tr. 16, 344–47]. Further, the ALJ noted that during Plaintiff's examination with Dr. Whitaker, he exhibited only moderate tenderness in his cervical and lumbar spine, as well as normal sensation and normal strength and grip strength with no muscle atrophy [Tr. 16]. Lastly, the ALJ stated that when Plaintiff was examined by Suhas Pai, M.D., on November 15, 2013, Dr. Pai noted that Plaintiff had no tenderness to palpitation, no pain, and normal posture and gait [Tr. 16, 334–36]. The ALJ also examined Plaintiff's daily activities, as Plaintiff testified that he leaves his house two to three times a week to grocery shop, although he needs help carrying the groceries, and that he drives when he has access to a car [Tr. 16].

Additionally, the ALJ was not required to specifically acknowledge any of the regulatory

balancing factors set forth in 20 C.F.R. §§ 20 C.F.R. §§ 404.1527(c) and 416.927(c), including Plaintiff's arguments that Dr. Whitaker did not fully examine him or review a complete case record.  Nothing within 20 C.F.R. §§ 404.1527(c) and 416.927(c) mandates that every factor be explicitly addressed.  *See McClain-Nelson v. Comm'r of Soc. Sec.*, No. 12-14490, 2014 WL 988910, at *7 (E.D. Mich. Mar. 13, 2014) ("[A]n ALJ is not required to discuss every factor listed in 20 C.F.R. § 404.1527[(c)].")*; see also Buchert v. Comm'r of Soc. Sec.*, No. 3:13-CV-01418, 2014 WL 1304993, at *7 (N.D. Ohio Mar. 27, 2014) (holding same).  The ALJ need only "consider" the regulatory balancing factors in determining the appropriate weight a medical opinion deserves.  20 C.F.R. § 416.927(c).  Lastly, Plaintiff fails to provide support for his statement that Dr. Whitaker did not fully examine him, as treatment notes indicate that Dr. Whitaker physically examined Plaintiff.  [Tr. 329].

Accordingly, the Court finds that the ALJ properly weighed the applicable statutory factors and explained the basis for affording limited weight to Dr. Whitaker's opinion.  The ALJ held that Dr. Whitaker's opinion was entitled to limited weight but found that Plaintiff could perform a range of light work.  [Tr. 16].  The ALJ noted that Dr. Whitaker failed to provide specific limitations regarding bending, stooping, crouching, and Plaintiff's use of his hands.  [*Id.*].  Additionally, the ALJ relied upon the opinions of Plaintiff's treating physician, Dr. Dayan, as well as the objective medical evidence, in determining Plaintiff's RFC.  [Tr. 17].  Therefore, the Court finds that substantial evidence supports the weight assigned to Dr. Whitaker's opinion, and Plaintiff's allegation to the contrary is without merit.

### B.    Additional Medical Evidence

Plaintiff also attaches additional medical records from an August 22, 2017 examination by John S. Barber, D.C.  [Doc. 16-1].  The Court liberally construes the submission of these medical

9

records as Plaintiff asserting that new evidence exists regarding his back and neck pain that supports a sentence-six remand pursuant to 42 U.S.C. § 405(g).

Dr. Barber examined Plaintiff after Plaintiff presented with complaints of lumbar pain, and Plaintiff stated that the pain first began in 2011 but "the symptoms have generally been worse." [*Id.* at 2]. On examination, Plaintiff exhibited a significant decrease of normal range of motion, as Plaintiff's lumbar flexion was recorded as 40 degrees with pain, and his lumbar extension and lumbar left lateral flexion were recorded as 10 degrees with pain. [*Id.*]. Dr. Barber performed several orthopedic examinations and reviewed a lumbar x-ray, and diagnosed Plaintiff with low back pain, as well as "spondylosisthesis, lumbosacral reg." [*Id.* at 3–4].

The Court may not consider new evidence that was not before the ALJ in determining whether to uphold, modify, or reverse the ALJ's decision. *See Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 839 (6th Cir. 2016) (citing *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996)). However, under 42 U.S.C. § 405(g), the Court may remand the case and order additional evidence to be taken into account upon a showing that there is new evidence (1) which is "material" and (2) that there is "good cause" for the failure to incorporate such evidence into the record in the prior proceeding. *Id.* (citing 42 U.S.C. § 405(g) and *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). The proponent of the new evidence bears the burden of proving all three elements. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 589 (6th Cir. 2005).

Evidence is considered "new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). "New evidence must indeed be new; it cannot be cumulative of evidence already in the record." *Pickard v. Comm'r of Soc. Sec.*, 224 F. Supp. 2d 1161, 1171 (W.D. Tenn. 2002) (quoting *Elliott v. Apfel*, 28 F. App'x 420, 424 (6th Cir. 2002)).

10

"Material evidence" exists if there is a "reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357 (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). Moreover, "[e]vidence is material if it is probative of the claimant's condition during the time period at issue before the ALJ." *Pickard*, 224 F. Supp. 2d at 1171. Finally, "good cause" is shown "by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357. "The mere fact that the evidence at issue was not in existence at the time of the ALJ's decision does not establish good cause." *Pickard*, 224 F. Supp. 2d at 1171.

Plaintiff claims that Dr. Barber "did not rule out [a] herniated disc" and Plaintiff "had been told right after the injury that [he] had one [or] maybe two herniated discs." [Doc. 16 p. 1]. In his treatment notes, Dr. Barber indicated that Plaintiff's Milgram's Test, an orthopedic examination used to indicate pathology within or outside the spinal cord sheath, was positive, and that while the test "is not specific for diagnosing a herniated disc," a negative result would have ruled out "a pathological condition of thecal origin such as a herniated disc." [Doc. 16–1 p. 3].

However, the newly submitted medical evidence is not material, as Plaintiff does not allege how the possible existence of a herniated disc would alter the ALJ's disability determination. Other than claiming that he has a great deal of pain with movement, Plaintiff does not assert how the newly submitted medical records reduce his functional limitations or the ALJ's RFC determination. *See Richardson v. Comm'r of Soc. Sec.*, No. 11-12605, 2012 WL 4210619, at *5 (E.D. Mich. Aug. 27, 2012) ("While plaintiff provides evidence of a neck impairment, she does not explain . . . how this impairment would have caused the ALJ to find that she was disabled . . . . [T]he mere existence of a condition does not equate to disability."), *report and recommendation*

11

*adopted by*, 2012 WL 4210616 (E.D. Mich. Sept. 20, 2012); *Ray v. Comm'r of Soc. Sec.*, No. 1:11-CV-211, 2012 WL 2507007, at \*7 (E.D. Tenn. June 5, 2012) ("The potential diagnosis of osteomyelitis, without more, is not likely to have changed the ALJ's decision."), *report and recommendation adopted by*, 2012 WL 2504014 (E.D. Tenn. June 28, 2012). Therefore, Plaintiff has not "adequately explain[ed] why or how the records submitted would have reasonably persuaded the ALJ to make a different decision for the period at issue." *Richardson*, 2012 WL 4210619, at \*5.

Further, the treatment notes from Dr. Barber "are not material because they discuss [Plaintiff's] condition after the date of the ALJ's decision and give no indication . . . whether (and how) they affected [him] during the relevant period." *Lohman v. Comm'r of Soc. Sec.*, No. 16-10019, 2017 WL 581354, at \*8 (E.D. Mich. Jan. 12, 2017) (internal citations omitted), *report and recommendation adopted by*, 2017 WL 568851 (E.D. Mich. Feb. 13, 2017); *see, e.g.*, *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986) ("The additional medical evidence submitted by the claimant is not material to the Secretary's decision that [Plaintiff] could perform light or sedentary work as of December 5, 1983. The new evidence was compiled in March 1985, and it does not reveal further information about the claimant's ability to perform light or sedentary work in December 1983.").

Plaintiff was examined by Dr. Barber on August 22, 2017—nearly nine months after the ALJ's decision on November 16, 2016. While Plaintiff reported to Dr. Barber that his lumbar pain first existed in 2011, but that "[s]ince the complaint began, the symptoms have generally been worse." [Doc. 16-1 p. 2], Dr. Barber's treatment notes fail to discuss Plaintiff's condition prior to the date of the ALJ's hearing decision. Accordingly, Plaintiff has failed to demonstrate that the new evidence was material to the relevant time period. *See Fegley v. Colvin*, No. 3:13–cv–01760,

12

2015 WL 1636045, at *3 (M.D. Pa. Apr. 8, 2015) (holding evidence of post-hearing lumbar discogram performed six months after adverse hearing decision failed to meet the materiality standard where at most it related to subsequent deterioration of otherwise previously non-disabling condition, and Plaintiff failed to establish the "postdated evidence" was "substantively material to the relevant time period"); *Caldwell v. Astrue*, No. 4:12-CV-2172, 2013 WL 3245336, at *22 (N.D. Ohio June 26, 2013) (declining to enter sentence-six remand as post-hearing MRI that revealed degenerative spurring and severe stenosis was not material where it did not relate to the period before the date on which the ALJ rendered an adverse decision).

Lastly, the new medical evidence is not material as it would not alter the ALJ's finding that Plaintiff's back disorder was not a disabling impairment. The ALJ discussed Dr. Whitaker's opinion that Plaintiff "had a normal range of motion in his cervical spine and a reduced range of motion in his lumber spine." [Tr. 14]. Similarly, Dr. Barber noted that Plaintiff exhibited a significant decrease of the normal range of motion in his lumbar flexion, extension, and left lateral flexion. [Doc. 16-1 p. 2]. Further, the ALJ addressed the August 22, 2013 MRI of Plaintiff's cervical spine which showed only mild to moderate degenerative disc disease at C6-7 [Tr. 14], as well as the January 13, 2014 lumbar myelogram with CT of Plaintiff's spine, which revealed pars defect at L5 bilaterally and a disc bulge at L5-S1 [Tr. 15].

Therefore, as the ALJ considered Plaintiff's decreased range of motion in his lumbar spine, as well as degenerative disc disease, Plaintiff has not demonstrated that Dr. Barber's treatment notes would alter the ALJ's finding. *See, e.g. Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *8 (E.D. Pa. Oct. 19, 2011) (holding a post-decision MRI showing mild degenerative changes "is not material evidence about [Plaintiff's] impairment during the time period for which benefits were denied, but rather evidence of a subsequent deterioration or 'degeneration' of his condition.

Nothing in the MRI indicates that such mild disk herniation existed at the time Plaintiff sought or was denied benefits"). Rather, the new medical evidence demonstrates that Plaintiff's condition had potentially deteriorated subsequent to the ALJ's decision, in which case "the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988) (citing *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)).

Ultimately, the newly submitted medical evidence is not material, because, at best, the new evidence demonstrates that Plaintiff's back condition had deteriorated subsequent to the ALJ's decision. First, Dr. Barber's treatment notes do not reflect the condition of Plaintiff's lumbar spine at the time of the November 16, 2016 hearing. Next, Plaintiff has failed to establish that had the ALJ would have reached a different conclusion had she been presented with the new medical evidence. Therefore, even liberally construing Plaintiff's attachment of subsequent medical records as requesting a sentence-six remand, Plaintiff has failed to demonstrate that the new medical evidence is material to the ALJ's decision.

## V.     CONCLUSION

Based on the foregoing, the Court **RECOMMENDS**[2] Plaintiff's Motion for Summary

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Judgment [**Doc. 16**] be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 17**] be **GRANTED**.

Respectfully Submitted,

United States Magistrate Judge

15